IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                         Case Nos.:  5:98cr28/RS/GRJ
                                                        5:14cv281/RS/GRJ

VICTOR GARCIA VILLARREAL

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and supporting memorandum of law. (Doc. 185.) Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, the Court concludes that the motion is untimely and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

In July of 1998, Defendant was charged in a two count indictment with conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana on a date certain. (Doc. 1.) He was not arrested until January 8, 2008 (Doc. 24), and a second superseding indictment was returned on April 1, 2008. (Doc. 41.) The Government filed a notice of intent to seek enhanced penalties (Doc. 52) and after granting a motion for continuance, the Court scheduled Defendant's trial for September 8, 2008. (*See* Doc. 66.) In lieu of proceeding to trial, Defendant entered

a plea of guilty to Count One of the indictment, and the Government dismissed Count Two.  (Docs. 74, 77.)   On March 5, 2009, the Court sentenced Defendant to a term of 328 months imprisonment, and judgment was entered on March 10, 2009.  (Docs. 91, 93.)  Defendant appealed, and the Eleventh Circuit affirmed on August 13, 2010.  (Doc. 113.)

Nothing further was filed until May of 2014, when Defendant filed a Petition/Motion for Deposition Under Rules 30(b)(6) of Civil Procedure for Subject Matter Jurisdiction to Compel the Court and the Government to Remove all Unconstitutional Enhancements or Dismiss Indictment on Procedure Error of Violation of Sixth Amendment Right to a Speedy Trial.  (Doc. 178.)  The Court denied the motion on the ground that the Federal Rules of Civil Procedure are inapplicable to criminal cases.  (Doc. 180.)  The Court also stated that *if* the motion were construed as a petition for writ of habeas corpus under 28 U.S.C. § 2255, such a request would be time-barred.  (*Id*.)  It did not, however, specifically construe the motion as such.

Defendant subsequently filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence.  The Eleventh Circuit denied the motion as unnecessary on October 8, 2014, noting that the district court's order cited above (Doc. 180) did not actually construe Defendant's motion as a § 2255 petition, and that he had not previously sought relief pursuant to § 2255.  (Doc. 184.)  Defendant filed the instant motion to vacate pursuant to the prison mailbox rule on October 22, 2014.  (Doc. 185.)

In his motion, Defendant alleges Government misconduct, ineffective assistance of counsel, and violations of his fifth and sixth amendment rights,

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The Eleventh Circuit entered its opinion affirming Defendant's convictions and sentences on August 13, 2010. (Doc. 113.) Defendant did not file a petition for certiorari with the United States Supreme Court, and as such his judgment of conviction became final on the date on which his time for filing such a petition expired (i.e., ninety days after the entry of the court of appeals' judgment).[1] Clay v. United States, 537 U.S. 522, 525 (2003); Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002); Hill v. United States, 444 F. App'x 419 (11th Cir. 2011). Because Defendant's judgment of conviction became final on November 12, 2010, to have been timely filed, his § 2255 motion had to be filed no later than November 12, 2011. As discussed above, his motion was not filed until October of 2014, nearly three years later. Therefore, it is facially untimely.

---

[1] The issuance of the mandate, on October 18, 2010, has no bearing on when the time expires for filing a petition for certiorari. Clay v. United States, 537 U.S. 522, 525 (2008).

Case Nos.: 5:98cr28/RS/GRJ; 5:14cv281/RS/GRJ

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted); Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." Johnson, 340 F.3d at 1226 (citing Jones, 304 F.3d at 1039–40; Drew, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. Johnson, 340 F.3d at 1226, Jones, 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402-03 (5th Cir. 1999)). There is nothing in the instant motion to suggest that Defendant intended to, or is entitled to, invoke the doctrine of equitable tolling.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (Doc. 185) should be summarily **DENIED and DISMISSED** as untimely.

2.  A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 12th day of February 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Case Nos.: 5:98cr28/RS/GRJ; 5:14cv281/RS/GRJ

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).