# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                              CASES NO.  5:98cr28-RH/GRJ
                                                          5:14cv281-RH/GRJ

VICTOR GARCIA VILLARREAL,

      Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction.  The motion is before the court on the magistrate judge's report and recommendation, ECF No. 189, the objections, ECF No. 190.  The defendant also has moved for rehearing and for leave to take a deposition, ECF No. 191, and for appointment of an attorney and leave to proceed in forma pauperis, ECF No. 192.  I have reviewed de novo the issues raised by the objections and motion for rehearing.  This order accepts the report and recommendation, denies the § 2255 motion, denies the motion to appoint an attorney, and grants leave to proceed in forma pauperis.  This order does not address the defendant's separate

motion to reduce his sentence under United States Sentencing Guidelines Amendment 782; that motion will be addressed in a separate order.

This order adopts the report and recommendation as the court's opinion on the § 2255 motion, with this additional note. The statute of limitations for a § 2255 motion runs from one of four dates. *See* 28 U.S.C. § 2255(f). The defendant has alleged no basis for concluding that he filed this § 2255 motion within one year after any of the possible triggering dates. The motion is plainly untimely. This requires denial of the motion. And the defendant's assertion that this somehow will constitute an injustice is incorrect; the defendant voluntarily pleaded guilty and was sentenced as appropriate under the facts and governing law.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).  Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 484.

The defendant has not made the required showing.  This order thus denies a certificate of appealability.  Accordingly,

IT IS ORDERED:

1. The report and recommendation, ECF No. 189, is ACCEPTED.

2. The motion for leave to proceed in forma pauperis and to appoint an attorney, ECF No. 192, is GRANTED IN PART and DENIED IN PART.  The defendant is granted leave to proceed in forma pauperis.  Appointment of an attorney is denied.

3. The motion for rehearing and for leave to conduct a deposition, ECF No. 191, is DENIED.

4. The § 2255 motion, ECF No. 185, is DENIED.  The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED."

5. A certificate of appealability is DENIED.

SO ORDERED on June 13, 2015.

s/Robert L. Hinkle
United States District Judge