IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

vs.   Case Nos.:   5:98cr28/RH/GRJ
                  5:16cv147/RH/GRJ

VICTOR GARCIA VILLARREAL,

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody." (ECF No. 223.) Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." A review of the record reveals that the court does not have jurisdiction to entertain Petitioner's motion and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

Victor Garcia Villarreal was sentenced to a total term of 398 months imprisonment after entering a guilty plea to a single count of a two count

indictment. (ECF No. 93.) His conviction and sentence were affirmed on appeal in 2010 (ECF No. 113), and when he filed a motion to vacate pursuant to 28 U.S.C. § 2255 in 2014 it was summarily denied as untimely. (ECF Nos. 189, 190, 198, 199.) Before filing the instant motion, Villarreal filed an application with the Eleventh Circuit seeking an order authorizing the district court to consider a second or successive motion under 28 U.S.C. § 2255. The Eleventh Circuit noted the seven claims Villarreal sought to raise as well as his reliance on <u>Johnson v. United</u> States, 135 S.Ct. 2551 (2015) and <u>Molina-Martinez v. United</u> States, 136 S.Ct. 1338 (2016). (ECF No. 222). The Eleventh Circuit found that <u>Johnson</u> was inapplicable to the facts of Villarreal's case, and that <u>Molina-Martinez</u> was not a new rule of constitutional law. Therefore, because Villarreal had not shown that his claims were premised upon a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, the court denied his application. (ECF No. 222 at 5.) Villarreal nonetheless filed the instant motion.

Before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the

Case Nos.: 5:98cr28/RH/GRJ; 5:16cv147/RH/GRJ

application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 Fed. App'x 409 (11th Cir. 2010). Although Villarreal sought the certification, he did not receive it. As such, this Court does not have jurisdiction to consider his petition and it must be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos.: 5:98cr28/RH/GRJ; 5:16cv147/RH/GRJ

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  Villarreal's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (ECF No. 223) should be summarily **DISMISSED without prejudice**.

2.  A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 31st day of May 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 5:98cr28/RH/GRJ; 5:16cv147/RH/GRJ